IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**LUIS SANCHEZ-DIAZ,**
    **Petitioner**

    **v.**

**UNITED STATES OF AMERICA,**
    **Respondent**

**Civil No. 04-2321(PG)**

## MAGISTRATE -JUDGE'S REPORT AND RECOMMENDATION

Petitioner, Luis Sánchez-Díaz (hereafter "Sánchez"), an inmate at the Federal Correctional Center, Coleman, Florida, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (**Docket No. 1**). Sánchez asks the Court to vacate his conviction and sentence and remand his case for further proceedings. The United States opposes the motion and requests that the writ for habeas corpus be denied. (**Docket No. 11**). The matter was referred to the undersigned for a Report and Recommendation (**Docket No. 6**).

**I.    Factual and Procedural Background**

Sánchez was charged and plead guilty in this District to charges of conspiracy to distribute narcotics in violation of 21 U.S.C. § 846. *Criminal Case No. 99-CR-255(HL), Docket Nos. 1, 94, 138.* He was sentenced on September 7, 2000, to a term of 188 of months imprisonment, to be served concurrently with a sentence imposed by the Courts of the Commonwealth of Puerto Rico. *Id. at* **Docket Nos. 139, 140**. Also imposed was a five year term of supervised release and a $100 special monetary assessment. *Id.* at **Docket No. 140**. Judgment was entered on September 13, 2000. *Id.*

On October 15, 2001, Sánchez filed a *pro se* motion for an extension of time to file a motion pursuant to 28 U.S.C. §2255. *Id.* at **Docket No. 173**. The motion was denied on the basis that "it appeared that defendant had not exhausted his right to appeal". *Id.* at **Docket No. 173**, Endorsed Order. The Court entered a second order on March 12, 2002, on

the issue of the § 2255 motion. Therein the Court stated,

> the Court notes that Petitioner's attempt to file a § 2255 motion is untimely. Petitioner was sentenced on September 13, 2000. Sánchez did not appeal his sentence. Under section 2255, a prisoner has one year from the date on which the judgment of conviction became final to file a petition. Because Sánchez did not file an appeal from his judgment (he had ten days to do so under Fed. R.App. P. 4(b)), his judgment became final on September 23, 2000. Petitioner's attempt to file a habeas petition over one year after his judgment of conviction became final is, therefore, unavailing.

*Id.* at **Docket No. 176**.

Sánchez is currently incarcerated at the Federal Corrections Center in Coleman, Florida. He now brings a § 2241 petition. The petition was originally filed in the U.S. District Court for the Middle District of Florida, Tampa Division on November 16, 2004. The U.S. District Court for the Middle District of Florida transferred the case to this District on November 18, 2004, noting that "Sánchez-Díaz recognizes in his petition that the appropriate venue for this action is in the court where the conviction occurred" (**Docket No. 3**).

In his § 2241 petition Sánchez raises a number of claims, and asks the Court to vacate his conviction and sentence and remand the case for further proceedings. Sánchez contends that his guilty plea was rendered unintelligent and involuntary. He relies upon *Blakely v. Washington*, 542 U.S. 296 (2004) and *Apprendi v. New Jersey*, 530 U.S. 466 (2000) to support his claim. Sánchez also contends that the U.S. District Court for the District of Puerto Rico lacked jurisdiction to enhance his sentence inasmuch as the government did not file a notice of enhancement pursuant to 21 U.S.C. § 851(a) prior to entry of his guilty plea. Finally, Sánchez claims he received ineffective assistance of trial counsel.

The government responds that the petition should be denied asserting that: (a) Sánchez failed to name the proper party respondent; (b) failed to exhaust his administrative remedies; (c) this Court lacks jurisdiction to entertain the petition; (d) § 2241 is not the

vehicle to challenge the validity of Sánchez's conviction, and (e) in the alternative, a petition under § 2255 is time barred.

## II. Analysis

### A. Section 2241

Federal prisoners are permitted to use § 2241 to attack the execution, rather than the validity, of their sentences. *United States v. Barrett*, 178 F.3d 34, 50 n. 10 (1st Cir. 1999). A writ of habeas corpus under § 2241 generally challenges the manner, location, or conditions of a sentence's execution. *González v. United States,* 150 F.Supp.2d 236, 240 (D. Mass. 2001); *accord, Barrett,* 178 F.3d at 50 n. 10 (§ 2241 challenges execution of sentence); *Thompson v. United States,* 536 F.2d 459, 460 (1st Cir. 1976).  Normally, a motion brought pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct a sentence, provides the primary means of a collateral attack on the validity of a federal sentence.  *See United States v. DiRusso,* 535 F.2d 673, 674-76 (1st Cir.1976) (§ 2255 grants jurisdiction over post-conviction claims attacking the "imposition or illegality of the sentence."); *Rogers v. United States,* 180 F.3d 349, 357 n. 15 (1st Cir.1999) (§ 2255 is the "exclusive remedy in the sentencing court for any errors occurring at or prior to sentencing, including construction of the sentence itself.").

### B. Proper Party/Venue

The government argues that this court does not have jurisdiction inasmuch as, Sánchez did not sue the correct party defendant and further that the case is not properly venued in this district.

It is noted that a § 2241 petition is properly brought in the district court with jurisdiction over the prisoner's custodian, unlike a § 2255 petition which must be brought in the sentencing court. *Barrett,* 178 F.3d at 50 n. 10. *Thompson v. United States,* 536 F.2d 459, 460-61 (1st Cir. 1976); *see also Vázquez v. Reno*, 233 F.3d 688 (1st Cir. 2000).  The "warden is the proper custodian because he has day-to-day control over the petitioner and is able to produce the latter before the habeas court." *Vázquez*, 233 F.3d at 691 (citations

omitted). The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district, the district of confinement. *Rumsfeld v. Padilla*, 542 U.S. 429, 124 S.Ct. 2711, 2722 (2004).

Sánchez names as the defendant in his § 2241 petition the "United States of America". Pursuant to § 2241 the court must have jurisdiction over the custodian of the petitioner in order to consider a claim brought by a petition for habeas corpus.

This issue of venue is muddied by the fact that initially Sánchez correctly filed this case in the district court where he is housed, the Middle District of Florida. Unfortunately, that District Court transferred the case to this District, on the basis that the appropriate venue is the court where the conviction occurred (i.e. the District of Puerto Rico). Rather than send Sánchez on a perpetual merry-go-round, it seems the better course of action is to determine whether § 2241 relief is available to Sánchez under the § 2255's Saving Clause. In doing so, the undersigned recognizes that Sánchez's § 2241 petition actually attacks the validity of his sentence or conviction all the while seeking redress under § 2255.

**C.    Savings Clause**

Sánchez recognizes the difference between a § 2241 petition and a § 2255 petition. He brings to the Court's attention the holding in *Castro v. United States*, 540 U.S. 375 (2003) which provides that notice must be given by a Court if it determines to re-characterize a § 2241 petition as a § 2255 petition. *See* **Docket No. 2**. His actions in doing so, indicate to the undersigned that he did not intend the current petition as a traditional § 2255 motion. Therefore, this is not a petition that requires consideration or re-characterizing as one properly brought under § 2255, or to provide notification as *Castro* mandates.

Sánchez does not challenge the manner, location, or conditions of his sentence. Instead, he attacks the validity of his conviction and the imposition of his sentence. In the normal course of events challenges such as these must be brought directly to the

sentencing court, pursuant to § 2255. While he does not explicitly say so, it appears that Sánchez relies upon the "savings clause" found within § 2255 to give jurisdiction to this court. The "savings clause," contained in § 2255, allows for a federal prisoner to challenge the validity of his conviction and sentence under § 2241 if the prisoner establishes that the remedy afforded under § 2255 is inadequate or ineffective to test the legality of his detention. *United States v. Barrett,* 178 F.3d 34, 49-50 (1st Cir.1999). The savings clause provides

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255.

The First Circuit Court of Appeals has addressed the issue of whether a prisoner seeking collateral relief from his conviction may use a § 2241 petition to bring a claim under § 2255 that would otherwise be barred. *United States v. Barrett*, 178 F.3d 34 (1st Cir. 1999). It concluded that the Saving Clause of § 2255, under very limited circumstances, permits one to proceed under § 2241 as a means of seeking relief. *Id.* at 49. Examples of such "limited circumstances" might be actual innocence or a serious constitutional question, or in a case where the petitioner demonstrates that, due to a change in substantive law, he is being imprisoned for a now nonexistent offense. *Barrett,* 178 F.3d at 51-53. Notably, where a prisoner had an opportunity to present his claim properly, but failed to do so, any "ineffectiveness" is due to the petitioner and not to § 2255. *Id.; See United States v. Logan,* 22 F.Supp.2d 691, 694 (W.D.Mich. 1998) ("The Court concludes that any 'ineffectiveness' in this matter is attributable not to § 2255, but to Petitioner, for failure to file within [the AEDPA statute of limitations] period.").

It is not clear under what theory Sánchez invokes the Savings Clause. The petition

he filed merely states that "the AEDPA and its requirements are inapplicable to the original writ of habeas corpus". Nonetheless, Sánchez argues that in light of *Blakely v. Washington*, 542 U.S. 296 (2004) and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), his sentence must be vacated and he must be resentenced. He also argues that the Court lacked jurisdiction to enhance his sentence when it failed to comply with 28 U.S.C. § 851(a). Finally, Sánchez raises a claim of ineffective assistance of counsel.

As noted, the "Savings Clause" of § 2255 allows a prisoner to challenge the validity of his sentence under § 2241 when § 2255 is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255; *United States v. Barrett,* 178 F.3d 34, 49-50 (1st Cir.1999). Accordingly, it must be determined whether § 2255 was "inadequate or ineffective" as a means of challenging the validity of Sánchez's conviction and sentence. Recognizing the danger that the Savings Clause could easily swallow the rule and frustrate Congress' purpose in enacting AEDPA, the courts of appeals have read this exception narrowly. *Sustache-Rivera v. United States,* 221 F.3d 8, 13 (1st Cir. 2000).

Sánchez's initial § 2255 petition was dismissed as untimely and there was no ruling on the merits. Even if the Court were to construe the present § 2241 as the first petition filed by Sánchez, it must be noted that at least as to the claims raising ineffective assistance of counsel and jurisdiction pursuant to § 851(a)[1], these claims do not fall within

---

[1] In 1999, the First Circuit ruled on the issue jurisdiction based upon 21 U.S.C. § 841(a). "Whether or not the prosecution files a timely section 851(a)(1) information, a federal district court plainly possesses subject-matter jurisdiction over drug cases." *Prou v. United States*, 199 F.3d 37, 45 (1st Cir. 1999) (citing 18 U.S.C. § 3231 (conferring original jurisdiction "of all offenses against the laws of the United States"). This jurisdiction necessarily includes the imposition of criminal penalties. *Id.* Once subject-matter jurisdiction has properly attached, courts may exceed their authority or otherwise err without loss of jurisdiction. *Id.* (citations and quotes omitted).

the Savings Clause. The time to file these claims has long passed and any failure to bring these claims is attributable to Sánchez. As a result, they do not fall within the narrow exception of the "Savings Clause".

That leaves Sánchez's remaining challenge based upon the rulings in *Blakely v. Washington*, 542 U.S. 296 (2004) and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *Apprendi* was decided on March 28, 2000. The judgment Sánchez's conviction was entered on September 13, 2000, six months after the U.S. Supreme Court ruled in *Apprendi*. One need merely look at the time line to see that Sánchez's claim of retroactivity has no merit. Similarly, the *Apprendi* claim, like the two previous discussed claims, could have been raised by Sanchez on appeal. Thus, the failure to bring a claim based upon *Apprendi* is attributable solely to Sánchez and does not fall within the exception of the "Savings Clause".

Sánchez claims *Blakely* should be applied retroactively to his case. *Blakely v. Washington,* 542 U.S. 466 (2004) holds that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.") (citations omitted, emphasis in original). *Blakely*, however, was decided long after Sánchez's conviction. Virtually every United States Appellate Court to address the issue, has concluded that the holding *Blakely* is not retroactive on collateral review, because the new rule articulated in *Blakely* is procedural rather than substantive in nature. See *Saffle v. Parks,* 494 U.S. 484, 495, 110 S.Ct. 1257 (1990); *see also McReynolds v. United States,* 397 F.3d 479 (7th Cir. 2005); *Schriro v. Summerlin,* 542 U.S. 348 (2004); *Sepúlveda v. United States,* 330 F.3d 55, 63 (1st Cir. 2003);.

*See Carmona v. United States,* 390 F.3d 200, 202 (2d Cir. 2004) (the Supreme Court has not made the *Blakely* rule applicable to cases on collateral review); *Simpson v. United States,* 376 F.3d 679, 681-682 (7th Cir. 2004) (same); *In re: Dean,* 375 F.3d 1287, 1290 (11th Cir. 2004) (*Blakely* rule does not apply retroactively on collateral review and cannot authorize a successive habeas petition). Accordingly, Sánchez claim must fail.

The styling of his petition under § 2241 is of no assistance to Sánchez. Sánchez's claims under *Apprendi, Blakely*, ineffective assistance of counsel and jurisdiction pursuant to § 851(a) cannot be brought in a § 2241 petition. Because Sánchez's claims falls outside the "appropriately narrow standards" of § 2255's savings clause, *Barrett,* 178 F.3d at 53, this Court does not have jurisdiction to entertain the petition. Therefore, it is RECOMMENDED that the petition be DENIED and DISMISSED.

### III.   Conclusion

IT IS THEREFORE RECOMMENDED that Petitioner's Request for the Original Writ of Habeas Corpus for the Execution of Conviction and Sentence (**Docket No. 1**) be **DENIED** and **DISMISSED**.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(a) of the Local Rules of Court. Any objections to the same must be specific and must be filed with the Clerk of Court **within ten (10) days** of notice. Rule 72(d), Local Rules of Court; Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the Report and Recommendation waives the right to review by the District Court, and waives the right to appeal the District Court's order. *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980). The parties are

Civil No. 04-2321 (PG) Page No. 9

advised that review of a Magistrate-Judge's Report and Recommendation by a District Judge does not necessarily confer entitlement as of right to a *de novo* hearing and does not permit consideration of issues not raised before the Magistrate-Judge. *Paterson-Leitch v. Massachusetts Elec.*, 840 F.2d 985 (1st Cir. 1988).

**IT IS SO RECOMMENDED**.

At San Juan, Puerto Rico, on this 16th day of September, 2005.

S/**AIDA M. DELGADO-COLON**
**U.S. Magistrate-Judge**